UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **DAVID LOPEZ,** <br><br> **Plaintiff,** <br><br> v. <br><br> **J&R HOCK ENTERPRISES INC.; and DOES 1-10,** <br><br> **Defendants.** | **Case No.: EDCV 20-01278-CJC-KK** <br><br> **ORDER TO SHOW CAUSE WHY PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD NOT BE HELD IN CONTEMPT OR SANCTIONED** |

On June 25, 2020, Plaintiff David Lopez filed this action against Defendant J&R Hock Enterprises Inc. and unnamed Does, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint].) His claims are based on the allegation that he visited a Taco Bell in Montclair, CA that Defendant operates, but the parking spaces provided there do not comply with the Americans with Disabilities Act Accessibility Guidelines. (*Id.* ¶¶ 11–12.) Plaintiff seeks injunctive relief under the ADA and the Unruh Act, and statutory damages under the Unruh Act. (*Id.* at 8.)

On June 29, 2020, the Court ordered Plaintiff to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim. (Dkt. 8.) The Court directed Plaintiff and his counsel to include in the response to the order to show cause a declaration providing all facts necessary for the Court to determine if he and his attorney satisfy the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1) & (2). (Dkt. 8.) In his response to the Court's order to show cause, Plaintiff declared that he has "not filed more than 10 complaints alleging construction-related accessibility violations within the 12-month period immediately preceding the filing of the complaint in this action." (Dkt. 11-1 ¶ 2.) Similarly, Plaintiff's counsel declared that he reviewed Plaintiff's filing history, and found that Plaintiff had "filed less than 10 cases in a 12-month period" and therefore does not qualify as a high-frequency litigant under California law. (Dkt. 11-2.)[1]

But according to the Court's search of the Central District of California's docket, David Lopez filed *more than thirty* other construction-related accessibility cases in the twelve months preceding the filing of this case. In each of those cases, Plaintiff is represented by the same counsel, McFarlin LLP. Those cases are:

1. 5:20-cv-00018-JGB-SHK, *David Lopez v. TSEC Investments, LLC, et al.*, filed January 3, 2020;
2. 5:20-cv-00027-JGB-SP, *David Lopez v. Eucland, LLC, et al.*, filed January 3, 2020;
3. 5:20-cv-00035-JGB-SHK, *David Lopez v. S. M. Hoyt Lumber Co. et al.*, filed January 3, 2020;
4. 5:20-cv-00042-JGB-SP, *David Lopez v. Anthony Vaughn et al.*, filed January 3, 2020;

---

[1] Despite the Court's order to do so, Plaintiff's counsel provided no information regarding whether he qualifies as a high-frequency litigant under California Code of Civil Procedure § 425.55(b)(2).

5. 5:20-cv-00047-JGB-SHK, *David Lopez v. Western Inn, Upland Co., Inc et al.*, filed January 6, 2020;

6. 5:20-cv-00046-JGB-KK, *David Lopez v. Leonora P. Thomas et al.*, filed January 8, 2020;

7. 5:20-cv-00048-JGB-SP, *David Lopez v. Alilionwu O and C 2011 Family Trust, et al.*, filed January 8, 2020;

8. 5:20-cv-00051-JGB-KK, *David Lopez v. CS Craig Properties, LLC*, filed January 8, 2020;

9. 5:20-cv-00052-JGB-SHK, *David Lopez v. Coombe Hesperia Road, LLC*, filed January 8, 2020;

10. 5:20-cv-00053-JGB-SHK, *David Lopez v. Gerald L. Wallace et al.*, filed January 8, 2020;

11. 5:20-cv-00058-JGB-SHK, *David Lopez v. RHP Enterprises, Inc., et al.*, filed January 9, 2020;

12. 5:20-cv-00073-AB-KK, *David Lopez v. Stringham Family Trust et al.*, filed January 13, 2020;

13. 5:20-cv-00074-RGK-SHK, *David Lopez v. Joe L. Juarez et al.*, filed January 13, 2020;

14. 5:20-cv-00090-ODW-KK, *David Lopez v. Adelanto Property Management, LLC et al.*, filed January 14, 2020;

15. 5:20-cv-00091-RGK-SHK, *David Lopez v. Edwards Theater Circuit Inc.*, filed January 14, 2020;

16. 5:20-cv-00093-AB-KK, *David Lopez v. Hesperia Venture Capital LLC et al.*, filed January 14, 2020;

17. 5:20-cv-00094-JFW-SHK, *David Lopez v. Rosewood Property Ventures LLC et al.*, filed January 14, 2020;

18. 5:20-cv-00095-JGB-SHK, *David Lopez v. Theodossis Trust et al.*, filed January 14, 2020;

19. 5:20-cv-00096-ODW-KK, *David Lopez v. Vishnu Patel et al.*, filed January 14, 2020;

20. 5:20-cv-00097-ODW-SP, *David Lopez v. YTLife Investment, LLC, et al.*, filed January 14, 2020;

21. 5:20-cv-00430-JGB-KK, *David Lopez v. 1869 N Garey, LLC et al.*, filed March 3, 2020;

22. 5:20-cv-00432-JGB-KK, *David Lopez v. Summitrose Investments LP*, filed March 3, 2020;

23. 5:20-cv-00758-JGB-KK, *David Lopez v. Kwik Chek Realty Co Inc et al.*, filed April 13, 2020;

24. 5:20-cv-00798-VAP-SP, *David Lopez v. Tanami, LLC et al.*, filed April 15, 2020;

25. 5:20-cv-00801-ODW-SP, *David Lopez v. LAF4LT Holdings, LP et al.*, filed April 15, 2020;

26. 5:20-cv-00809-GW-SHK, *David Lopez v. AMG Bros Corporation et al.*, filed April 15, 2020;

27. 5:20-cv-00815-MWF-SP, *David Lopez v. Rancho LK LLC et al.*, filed April 15, 2020;

28. 5:20-cv-01041-SVW-SP, *David Lopez v. Franklin Real Estate, LP*, filed May 15, 2020;

29. 5:20-cv-01042-DSF-SP, *David Lopez v. Brixmor Upland Town Square LLC*, filed May 15, 2020;

30. 5:20-cv-01099-PSG-SHK, *David Lopez v. BW Bowling Properties LP et al.*, filed May 28, 2020;

31. 5:20-cv-01111-JGB-SHK, *David Lopez v. Pomona First Federal Savings and Loan et al.*, filed May 29, 2020;

32. 5:20-cv-01161-JGB-SP, *David Lopez et al JJC Properties, LLC*, filed June 8, 2020; and

33.5:20-cv-01164-JGB-KK, *David Lopez v. Foothill Plaza Shopping Center, LLC et al.*, filed June 8, 2020.

It is worth noting that in case 27, Plaintiff declared in response to that court's order to show cause regarding supplemental jurisdiction that he had "not filed more than 10 complaints alleging construction-related accessibility violations within the 12-month period immediately preceding the filing of the complaint in this action." (Case No. 5:20-cv-00815-MWF-SP , Dkt. 11-1 ¶ 2.)

Plaintiff and Plaintiff's counsel are hereby **ORDERED TO SHOW CAUSE** why each of them should not be held in contempt or sanctioned for each of their misrepresentations to this Court regarding Plaintiff's prior litigation. Plaintiff and Plaintiff's counsel are further **DIRECTED** to file a response to this order to show cause by July 17, 2020. A sufficient response will be a dismissal of the complaint, or a written response including an accurate account of all facts necessary for the Court to determine if Plaintiff and his attorney satisfy the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1) & (2). Failure to respond to this order will result in dismissal of the Complaint. If Plaintiff does not dismiss his Complaint, the Court will hold a hearing on this order to show cause on Monday, August 10, 2020 at 1:30 p.m. in Courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701. Since Defendant has not yet been served or appeared in this case, it has no obligation to respond to this order to show cause or to appear at the hearing.

DATED:   July 9, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE